■ TARRANT MANUFACTURING COMPANY, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 57813.)—Appeal from an order of the Court of Claims, entered October 23, 1974, which granted a motion to dismiss the claim for the recovery of moving expenses pursuant to subdivision 13-b of section 30 of the Highway Law. Subdivision 13-b of section 30 of the Highway Law authorizes the Commissioner of Transportation to establish rules and regulations authorizing the payment of reasonable and necessary moving expenses of occupants of property acquired pursuant to section 30. Section 51.3(a)(1) of title 17 of the Official Compilation of Codes, Rules and Regulations of the State of New York, drawn by the Department of Public Works, now the Department of Transportation, provided: "When there has been an approval of a property acquisition program *and property appropriation maps have been filed in the Department of State* and the occupant of the property has been notified of such pending acquisition by the State or an agreement of purchase has been executed by the property owner and delivered to the State, the eligible persons are authorized to proceed with the relocation" (former 17 NYCRR 51.3 [a] [1]; emphasis supplied). Sometime prior to June 23, 1966, claimant became aware that an appropriation of its

property might take place and in response to its inquiry, the Department of Transportation wrote two letters informing it that the right of way lines were not final and were subject to change. The letter of June 23, 1966 stated "we do not anticipate that we will be able to set the exact taking line in the vicinity of your property for another two months". The August 26, 1966 letter stated "[y]ou must realize, however, that although our plans are in the advanced stages of design they have not had final approval and until such approval, the right-of-way taking lines will be subject to change". Some time during May and June of 1967, claimant moved various equipment from its land. On October 17, 1967 the Department of Transportation filed Map 16 with the Secretary of State which affected claimant's land. A claim was made in the Court of Claims for moving expenses which was dismissed upon the ground that the claim was based upon a violation of the rules of the New York State Department of Transportation in that the move was made before the filing of the appropriation maps. Claimant contends that the rule adopted by the Department of Transportation requiring that moving expenses must be incurred after the appropriation maps are filed in order to be allowable is an invalid rule exceeding the power of the department. We disagree. The Court of Appeals has sustained the very broad and discretionary rule-making powers to carry out purposes of specific acts (*Matter of Levine v Whalen,* 39 NY2d 510; *Matter of City of Utica v Water Pollution Control Bd.,* 5 NY2d 164; *Matter of Marburg v Cole,* 286 NY 202, 212; *Connolly v O'Malley,* 17 AD2d 411, 416–417). The only qualification upon the power of the administrative agency which promulgates its regulation is that the regulation is reasonable (*Grossman v Baumgartner,* 17 NY2d 345). There is clearly nothing unreasonable about the regulation in the case at bar. The rule merely requires that the State shall not be held liable for moving expenses until it is certain that it is necessary for a claimant to move. Order affirmed, without costs. Greenblott, J. P., Sweeney, Main and Herlihy, JJ., concur; Larkin, J., not taking part.